Case 5:25-cv-00236   Document 22   Filed 01/21/26 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
January 21, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| LASHA NIKABADZE § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:25-cv-236 |
| § | |
| MIGUEL VERGARA *et al.* § | |

## ORDER

Before the Court is Petitioner Lasha Nikabadze's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 2).[1] For the reasons below, Petitioner's Writ of Habeas Corpus is **GRANTED IN PART** and **DENIED IN PART** (Dkt. No. 2).

## I.   BACKGROUND

Petitioner, a Georgian citizen, entered the United States in 2021 (Dkt. No. 2 at 2, ¶ 2; 12, ¶ 23). He fled because of the Georgian government inflicting political persecution against him (Dkt. No. 2 at 2, ¶ 2). Immigration agents arrested him shortly after his entry (Dkt. No. 17-1 at 1, ¶ 4). Exercising their parole authority, DHS released Petitioner with an expiration date of February 8, 2023 (Dkt. Nos. 17 at 4; 17-1 at 1, ¶ 5). DHS did not extend his parole following its expiration (Dkt. Nos. 17 at 2; 17-1 at 2, ¶ 7).

On December 13, 2022, Petitioner filed his application for asylum with the United States Citizenship and Immigration Services("USCIS"), which to the court's knowledge,

---

[1] The Petition names Miguel Vergara, Todd M. Lyons, Kristi Noem, Pamela Bondi, Mario Garcia, and Michael Tennyson, as respondents in this action. But Warden Garcia, "the person who has custody over [Petitioner]" is generally the only properly named respondent. 28 U.S.C. §§ 2242, 2243; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." (citations omitted)).

However, it is the Court's understanding that Federal Respondents' position is that they have detention authority over aliens detained under Title 8 of the United States Code. Accordingly, the Court will not dismiss Federal Respondents at this time.

remains pending (Dkt. Nos. 2 at 2, ¶ 4; 17-1 at 2, ¶ 8). USCIS forwarded the application to the Immigration Court earlier this year who then issued a Notice to Appear ("NTA") for Petitioner (Dkt. Nos. 2 at 2, ¶ 8; 2-2). According to the superseding NTA, Petitioner is subject to removal based on provisions 8 U.S.C. §§ 1182(a)(7)(A)(i)(l), 1182(a)(6)(A)(i) (Dkt. No. 2-2 at 1).

On September 16, 2025, ICE arrested Petitioner at an immigration checkpoint, despite him showing his valid employment authorization card (Dkt. Nos. 2 at 3, ¶ 5; 2-1 at 2, ¶ 2). Presently, Petitioner is alleged to be in ICE's custody at the Webb County Detention Center in Laredo, Texas[2] (Dkt. No. 2 at 4, ¶ 7). Following his apprehension, Petitioner requested a custody re-determination hearing before an Immigration Judge ("IJ") (Dkt. Nos. 2 at 4, ¶ 8; 13-1 at 2). An IJ denied Petitioner's request, based on the Board of Immigration Appeals ("BIA") decision in *In re Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025), which found that section 1225(b)(2) controls for individuals like Petitioner and held IJs lack the authority to grant bond requests (Dkt. Nos. 2 at 4, ¶ 8; 13-2 at 1). *See* 29 I&N at 221.

Petitioner filed this petition for a writ of habeas corpus, alleging he is entitled to a bond hearing, and challenging the administration's interpretation of 8 U.S.C. §§ 1225(b)(2), 1226 (*see* Dkt. No. 2). Based on recent developments, the Court ordered the parties to file advisories addressing whether Petitioner is a member of the *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *2 (C.D. Cal. Dec. 18, 2025) certified class (Dkt. No. 4).[3] Both parties timely filed advisories (*see* Dkt.

---

[2] *See* Online Detainee Locator System, U.S. Immigration and Customs Enforcement, available at https://locator.ice.gov/odls/#/search (last visited Jan. 20, 2026).

[3] In *Maldonado Bautista*, United States District Judge Sunshine Sykes certified a nationwide class under Federal Rule of Civil Procedure 23(b)(2) for aliens "who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not

Nos. 12, 13). Petitioner advances he is a member of the bond eligible class; however, Respondents argue his December 17, 2021 apprehension preludes him from class membership (Dkt. Nos. 13 at 3; 12 at 2). Respondents contend his continued detention is proper under section 1225(b)(1) (Dkt. No. 12 at 2). The Court then ordered Respondents to file a response to the petition (Dkt. No. 14), and Petitioner filed a timely reply (Dkt. No. 19).

Now that the matter is fully briefed, the Court resolves the issues without a hearing. *See* 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ *or* issue an order directing the respondent to show cause why the writ should not be granted, . . . ." (emphasis added)); *see also Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (a court need not hold a hearing if the habeas petition "raises only questions of law, or questions regarding the legal implications of undisputed facts").

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus to a petitioner in federal custody in violation of the Constitution or federal law. Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001) (citations omitted), *superseded by statute on other grounds*, Real ID Act of 2005, H.R. 418, *as recognized in Nasrallah v. Barr*, 590 U.S.

---

or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *2 (C.D. Cal. Dec. 18, 2025) (defining class); *id.* at *29 (granting class certification). The court also granted the named petitioners' motion for partial summary judgment and found that class members are detained under § 1226 rather than § 1225. *See id.* at *12. The Court grants relief on the Petition alone. *See Guzman v. Bondi*, No. 1:25-CV-2055-RP, 2025 WL 3724465, at *6 (W.D. Tex. Dec. 23, 2025) (declining to consider the effect of *Maldonado Bautista* and deciding solely on statutory grounds).

573 (2020). Accordingly, challenges to immigration-related detention are within a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### III.  DISCUSSION

#### A.  8 U.S.C. § 1225(b)(1) Does Not Apply to Petitioner

Respondents primarily argue Petitioner is properly detained under 8 U.S.C. § 1225(b)(1) (Dkt. No. 17 at 3–4). Specifically, upon Petitioner's arrival, he was placed in expedited removal proceedings and detained pending a credible fear interview (Dkt. No. 17 at 4). According to Respondents, once Petitioner's parole under 8 U.S.C. § 1882(d)(5)(A) expired, he was returned to custody and, once again, placed in expedited removal proceedings (Dkt. No. 17 at 4).

Under 8 U.S.C. § 1182(a)(7), aliens "who arrive at a port of entry without a visa or other entry document" are deemed "inadmissible" because of their lack of entry documents. *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1132 (D. Or. 2025). Once an alien is deemed inadmissible, the immigration officer must order the alien's removal unless the alien indicates "an intention to apply for asylum or fear of prosecution." *Id.* (citing 8 U.S.C. § 1225(b)(1)(A)(i)). At that point, the Government may place the alien into expedited removal proceedings under § 1225(b)(1), or into regular removal proceedings under § 1229(a). *See id.* at 1132–33; *Marin v. Lynch*, No. 1:25-CV-1444, 2025 WL 3533028, at *3 (W.D. Mich. Dec. 10, 2025).

However, a narrow exception exists for aliens detained under § 1225(b)(1). The executive branch may parole the alien, and they may be temporarily released for urgent humanitarian reasons or significant public benefit. 8 U.S.C. § 1182(d)(5)(A). When parole is granted, it "shall not be regarded as an admission of the alien." § 1182(d)(5)(A). Once

4

the parole ends, "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." § 1182(d)(5)(A). To treat an alien "in the same manner as that of any other applicant for admission," courts determined those residing in the United States for multiple years are detained per Section 1226. *Rodriguez-Acurio v. Almodovar*, No. 2:25-CV-6065 (NJC), 2025 WL 3314420, at *18 (E.D.N.Y. Nov. 28, 2025); *Cabrera Martinez v. Marich*, No. 25-CV-1110-LJV, 2025 WL 3771228, at *7 (W.D.N.Y. Dec. 31, 2025).

This statutory framework makes clear § 1225(b)(1) does not govern Petitioner's re-detention on September 16, 2025. While § 1182(d)(5)(A) may authorize Petitioner's custodial return, the Court need not ignore his previous parole status and time lived in the country. *Qasemi v. Francis*, No. 25-CV-10029 (LJL), 2025 WL 3654098, at *11 (S.D.N.Y. Dec. 17, 2025). "A noncitizen is not reverted by operation of law to status as an arriving alien—they remain a noncitizen living in the United States who used to be paroled and must be treated by the INA accordingly." *Id.*; *Rodriguez-Acurio*, 2025 WL 3314420, at *17 ("[A] noncitizen whose parole has expired is treated like the vast majority of undocumented immigrants currently living in this country who are not subjected to expedited removal."). Courts across the country have drawn this conclusion. *Qasemi*, 2025 WL 3654098, at *11 (collecting cases). Therefore, under § 1182(d)(5)(A), Petitioner, "residing in the United States for more than three years[,] would be detained under Section 1226." *Rodriguez-Acurio*, 2025 WL 3314420, at *18.

Additionally, Respondents admit Petitioner is currently in full removal proceedings under 8 U.S.C. 1229a (Dkt. No. 17 at 5 ("Moreover, because Petitioner is in full removal proceeding[s] . . . .")). In other cases, Respondents conceded that an alien

5

cannot simultaneously be in full and expedited removal proceedings. *Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *5 (W.D. Ky. Oct. 3, 2025) (collecting cases). Simply put, "Respondents cannot detain Petitioner in connection with expedited removal proceedings that do not exist." *Abdelalim-Elmetaher v. Thompson*, No. SA-25-CA-01608-XR, 2025 WL 3654267, at *4 (W.D. Tex. Dec. 16, 2025) (Rodriguez, J.); *see also Aguilar v. Bondi*, No. 5:25-CV-01453-JKP, 2025 WL 3471417, at *6 n.3 (W.D. Tex. Nov. 26, 2025) (Pulliam, J.).

Lastly, the Court also finds Respondents' actions further demonstrate that Petitioner's re-detention is not governed by § 1225(b)(1). *Mohammed v. Olson*, No. 1:25-CV-02404-TWP-MKK, 2025 WL 3541819, at *3 (S.D. Ind. Dec. 10, 2025) ("The Government has affirmatively decided to treat Petitioner as being detained under Section 1226(a) and it cannot now be heard to change its position to claim that he is detained under Section 1225(b)." (citation modified) (citation omitted)). Based on the record before the Court, when Petitioner entered, he was detained pursuant to § 1225(b)(1) and processed for expedited removal (Dkt. No. 17 at 4). However, Respondents subsequently issued a Superseding NTA to initiate removal proceedings under 8 U.S.C. § 1229a (Dkt. No. 2-2 at 1). Petitioner's case information confirms the "NTA issued because INA section [§1225](b)(1) expedited removal order was vacated" (Dkt. No. 2-2 at 4). Moreover, the IJ's order denying bond relies on in *In re Yajure Hurtado* to determine that Petitioner is ineligible for bond under § 1225(b)(2), claiming he is an alien present in the United States without admission (Dkt. No. 13-2 at 1). 29 I&N at 225. The IJ's order makes no mention of § 1225(b)(1) (Dkt. No. 13-2 at 1). Both representations support the Court's finding that Petitioner's re-detention is not premised on § 1225(b)(1).

6

**B. 8 U.S.C. § 1226 Applies to Petitioner**

Respondents alternatively argue Petitioner is subject to mandatory detention under § 1225(b)(2) (Dkt. No. at 17 at 4). Whether § 1226(a) or § 1225(b)(2) applies to a petitioner's detention is an issue this Court has addressed *ad nauseam*.[4]

Section 1225(b)(2)(A) mandates detention of undocumented aliens when the "examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country. In contrast, section 1226(a) offers discretionary detention for undocumented aliens who are present in the United States and eligible for removal. Under section 1226(a), "[t]he Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'" *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting § 1226(a)). "[T]he Attorney General 'may release' an alien detained under § 1226(a) 'on bond or conditional parole.'" *Id.* (citation modified). Importantly, "noncitizens detained under section 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under section 1226(a) are entitled to a bond hearing before an IJ at any time before entry of a final removal order." *See, e.g.*,

---

[4] To date, the Undersigned has already granted Petitioner's relief on the merits in over twenty separate cases. See *Lopez Baltazar v. Vasquez*, 5:25-cv-160, (S.D. Tex. filed Sept. 29, 2025); *Lopez de Leon v. Harlingen Field Office*, 5:25-cv-165 (S.D. Tex. filed Oct. 4, 2025); *Alkis v. Cole*, 5:25-cv-168 (S.D. Tex. filed Oct. 7, 2025); *Almazan Tapia v. Vergara*, 5:25-cv-174 (S.D. Tex. filed Oct. 10, 2025*); Cabrera-Hernandez v. Bondi*, 5:25-cv-197 (S.D. Tex. filed Oct. 29, 2025); *Vazquez-Jaime v. Agudelo*, 5:25-cv-220 (S.D. Tex. filed Nov. 17, 2025); *Gonzalez Garcia v. Bondi*, 5:25-cv-226 (S.D. Tex. filed Nov. 20, 2025); *Perez Luis v. Noem*, 5:25-cv-229 (S.D. Tex. filed Nov. 24, 2025); *Martinez Menjivar v. Warden Webb Cnty. Det. Ctr.*, 5:25-cv-229 (S.D. Tex. filed Nov. 24, 2025); *Covarrubias Barba v. Agudelo*, 5:25-cv-234 (S.D. Tex. filed Nov. 25, 2025); *Garcia Puente v. Rodriguez*, 5:25-cv-235 (S.D. Tex. filed Nov. 26, 2025); *Leija Cruz v. Noem*, 5:25-cv-254 (S.D. Tex. filed Dec. 5, 2025);*Valdes Calvo v. Rodriguez*, 5:25-cv-259 (S.D. Tex. filed Dec. 9, 2025); *Singh vs. Perez*, 5:25-cv-270 (S.D. Tex. filed Dec. 17, 2025); *Peralta Gomez v. Bondi*, 5:25-cv-281 (S.D. Tex. filed Dec. 23, 2025); *Krishan v. Warden of the Rio Grande Det. Facility*, 5:25-cv-285 (S.D. Tex. filed Dec. 25, 2025); *Rivera v. Garcia*, 5:25-cv-300 (S.D. Tex. filed Dec. 30, 2025); *Lopez Ayala v. Vergara*, 5:25-cv-306 (S.D. Tex. filed Dec. 31, 2025); *Saydullaev v. Perez*, 5:25-cv-16 (S.D. Tex. filed Jan. 7, 2026); *Hernandez Ravanales v. Noem*, 5:25-cv-18 (S.D. Tex. filed Jan. 7, 2026) *Ruiz-Leiva v. Vergara*, 5:25-cv-27 (S.D. Tex. filed Jan. 9, 2026); *Aguilar Muniz v. Perez*, 5:26-cv-23 (S.D. Tex. filed Jan. 9, 2026); *Ruiz-Leiva v. Vergara*, 5:26-cv-27 (S.D. Tex. filed Jan. 9, 2026).

*Rodriguez v. Bostock*, --- F. Supp. 3d ---, 2025 WL 2782499, at *3 (W.D. Wash. Sep. 30, 2025). The Department of Homeland Security's "longstanding interpretation" is that section 1226 applies to aliens who crossed the border but are not immediately apprehended. *See Savane v. Francis*, --- F. Supp. 3d ---, 2025 WL 2774452, at *5 (S.D.N.Y. Sep. 28, 2025) (citing Tr. of Oral Argument at 44:24–45:2, *Biden v. Texas*, 597 U.S. 785 (2022) (No. 21-954)).

Moreover, in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), the Supreme Court described § 1226 as the "default rule" governing "an alien present in the country" pending their removal. 583 U.S. at 288. Indeed, *Jennings* plainly states: "§ 1226 applies to aliens already in the United States," thus undercutting Respondents' characterization of the statutory language at play. *Id.* at 303. The Court would be hard-pressed to classify Petitioner, who has resided in the United States for years, as an alien seeking admission both at the time he entered and now (Dkt. Nos. 2 at 2, ¶ 2; 13 at 3, ¶ 12). If the Court were to adopt Respondents' position, that would effectively render § 1226(a) useless and run afoul of *Jennings*'s reasoning. *Echevarria v. Bondi*, No. CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *7–8 (D. Ariz. Oct. 3, 2025); *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097, at *3–4 (S.D. Tex. Oct. 8, 2025); *see also Campbell v. Almodovar*, No. 1:25-CV-09509 (JLR), 2025 WL 3538351, at *6 (S.D.N.Y. Dec. 10, 2025), *opinion clarified*, No. 1:25-CV-09509 (JLR), 2025 WL 3626099 (S.D.N.Y. Dec. 15, 2025) ("If anything, [petitioner] was seeking 'to obtain a lawful means to remain here' through his asylum application." (emphasis omitted)).

Many courts have grappled with this issue in the preceding months, including the Southern District of Texas. For example, United States District Senior Judge

---

[5] In a hearing before United States District Judge John A. Kazen in *Padron Covarrubias v. Vergara*, No. 5:25 CV 112, the Government declined to defend its position on this issue, stating "[g]iven

8

Lee H. Rosenthal recently rendered a decision, succinctly concluding "that § 1226, not § 1225, applies to [petitioner's] detention." *Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025). Of course, this Court is not bound by Judge Rosenthal's decision.[4] *Camreta v. Greene*, 563 U.S. 692, 701 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (citation omitted)). However, the Court nonetheless is persuaded by Judge Rosenthal's reasoning. Judge Rosenthal's opinion indicates a strong consensus amongst the district courts regarding the interpretation of sections 1225 and 1226. *Buenrostro-Mendez*, 2025 WL 2886346, at *3 (collecting cases); *see also Rodriguez*, 2025 WL 2782499, at *3 (noting the widespread agreement by district courts concluding "the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice"). Additionally, a Seventh Circuit panel recently held, based on a preliminary record, that the detention of non-citizens who are "unlawfully already in the United States" is authorized by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b). *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-62 (7th Cir. 2025). Based on the abundance of cases[6] that have already addressed

---

the ruling in [*Buenrostro-Mendez*] your Honor, I am hesitant to argue our position vehemently before this court, and basically would rest on our brief" (Hr'g at 01:40:22–1:40:39). Respondents advise that *Buenrostro-Mendez* is on appeal; however, they have not articulated any reason for the Court to reevaluate its position.

[6] The Court is aware of four cases outside this district that went the other way: *Vargas Lopez v. Trump*, --- F. Supp.3d --- , 2025 WL 2780351 (D. Neb. Sept. 30, 2025); *Chavez v. Noem*, --- F. Supp. 3d. ---, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025); *Garibay Robledo v. Noem*, 1:25-cv-177-H, slip. op. (N.D. Tex. Oct 24, 2025); and *Barrios Sandoval v. Acuna*, 6:25-cv-01467, 2025 WL 3048926 (W.D. La. Oct. 31, 2025). Additionally, this Court is aware of at least one district judge in the Southern District of Texas who recently held in Respondents' favor. *Cabanas v. Bondi*, No. 4:25-CV-04830, 2025 WL 3171331, at *8 (S.D. Tex. Nov. 13, 2025) (Eskridge, J.). The Court is not compelled by these cases, and instead, finds that the weight of the authority plainly lies on the other side.

9

these arguments and the Government's apparent timid approach in the *Covarrubias* matter, the Court declines to restate the in-depth analysis provided by these courts but stands in agreement. *Chogllo Chafla v. Scott*, No. 2:25-CV-00437, 2025 WL 2688541, at *5 (D. Me. Sep. 22, 2025) (describing the abundance of "persuasive" and "well-reasoned" opinions on this issue by district courts across the country).

Accordingly, the Court finds section 1226 applies to Petitioner's detention.[7] As found by nearly every other district court to address this issue, "the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades" make clear section 1226 applies here. *Buenrostro-Mendez*, 2025 WL 2886346, at *3.

Although Petitioner argues the appropriate remedy is release, not a bond hearing, the Court, as it has previously, finds that a bond hearing, rather than immediate release, is appropriate. *Romero v. Hyde*, 795 F. Supp. 3d 271, 288 (D. Mass. 2025) (noting the "appropriate remedy" is to order a bond "hearing to consider the merits of release"). Section 1226 specifically provides for DHS to set a bond for an alien's release, and the Court finds no reason to disturb this statutory grant. *Cabrera Martinez,* 2025 WL 3771228, at *14.

## IV. CONCLUSION

Petitioner's Writ of Habeas Corpus (Dkt. No. 2) is **GRANTED IN PART** and **DENIED IN PART**. Respondents are **ORDERED** to provide Petitioner with a bond hearing pursuant to § 1226 no later than **January 28, 2026**. To the extent the Petition seeks Petitioner's release, it is **DENIED** at this time. The parties are **ORDERED** to

---

[7] Although Petitioner raises both statutory and constitutional grounds, the Court declines to decide the due process claims as the Court grants relief based on the applicability of section 1226(a) alone. *See Pizarro Reyes v. Raycraft*, No. 25-cv-12546 (RJW), 2025 WL 2609425, at *8 (E.D. Mich. Sep. 9, 2025).

update the court on the status of the bond hearing no later than **February 4, 2026**.

Respondents' Motion for Summary Judgment (Dkt. No. 17) is **DENIED**.

It is so **ORDERED**.

**SIGNED** January 21, 2026.

*[signature]*
Marina Garcia Marmolejo
United States District Judge